Slip Op. 13 - 26

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES<br><br>      Defendant,<br><br>      and<br><br>AAVID THERMALLOY, LLC, EVERGREEN SOLAR, INC., ZHONGYA SHAPED ALUMINUM (HK) HOLDING LTD., and ZHAOQING NEW ZHONGYA ALUMINUM CO., LTD.,<br><br>      Defendant-Intervenors. | Before: Donald C. Pogue,<br>       Chief Judge<br><br>Consol.[1] Court No. 11-00216 |

**MEMORANDUM and ORDER**

      Upon consideration of Defendant-Intervenor's, Aavid Thermalloy, LLC ("Aavid"), and Defendant's motions to dismiss, any responses thereto, and the record as a whole, it is hereby **ORDERED** that the Defendant's motion is **GRANTED** and the Defendant-Intervenor's motion is **GRANTED** in part and **DENIED** in part.

---

[1] This action is consolidated with Court No. 11-00218.

Defendant properly contends that the court lacks subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1581(i) because jurisdiction is currently available under § 1581(c).  Therefore, Defendant concludes, the portions of Plaintiff's Complaint which assert jurisdiction under 1581(i) should be dismissed.  The court agrees.

It is settled that this court may take jurisdiction under 1581(i) only when jurisdiction is unavailable under other subsections of 28 U.S.C. § 1581.  See Hartford Fire Ins. Co. v. United States, 544 F.3d 1289, 1292 (Fed. Cir. 2008) (citing Int'l Custom Prods. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006)).  Here, jurisdiction is available under 1581(c) because Commerce's exclusionary language in the Antidumping Duty and Countervailing Duty Orders (collectively "the Orders") explicitly stated that it was revising the scope of the Orders and therefore the exclusion of all finished heat sinks may be challenged under 1581(c) as a negative part of Commerce's final determination.  E.g., Aluminum Extrusions from the People's Republic of China, 76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) (antidumping duty order) (" . . . the Department is revising the scope of the subject merchandise stated in the *Final Determination* to exclude finished heat sinks from the scope of the order." ); 19 U.S.C. § 1516a(a)(2)(B)(i) (granting

jurisdiction over "final affirmative determinations . . . including any negative part of such a determination").

Defendant-Intervenors assert that this case is not ripe for judicial review under 1581(c) because Plaintiffs failed to exhaust their administrative remedies and must first file a request for a scope determination pursuant to 19 C.F.R. § 351.225(c).  This argument misses the point.  A scope determination would only suffice to address whether specific imports fall under the scope of Commerce's final determinations and their accompanying orders.  Plaintiff's complaint is that Commerce's Orders (revising the scope of the Final Determinations) unlawfully and erroneously excluded all finished heat sinks and deprived Plaintiff of relief to which it was otherwise entitled because the International Trade Commission's negative injury determination was limited to the subset of finished heat sinks sold to electronic manufacturers.  Pl's Compl., ECF No. 7 at ¶¶ 7, 13, 14, and 23.  A scope determination request, therefore, could not address the sufficiency of the Orders as a whole.

Defendant and Defendant-Intervenor's motions to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i) are therefore **GRANTED** and Defendant-Intervenor's motion to

dismiss for failure to exhaust administrative remedies is

**DENIED**.

    It is so **ORDERED**.


                                      ___/s/ Donald C. Pogue_____
                                      Donald C. Pogue, Chief Judge


Dated: February 27, 2013
       New York, NY